UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| QUITA KNAZZE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:07-cv-1038-LJM-WTL |
| | ) | |
| CARRIE BRIDGES, individually and as agent | ) | |
| of Indiana University Cancer Center, and | ) | |
| INDIANA UNIVERSITY CANCER CENTER, | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, Quita Knazze ("Plaintiff"), has sued Carrie Bridges ("Bridges"), individually and

as an agent of Indiana University Center, and Indiana University Cancer Center (collectively,

"Defendants"), alleging violations of 42 U.S.C. § 1983 in Count I.  Count II alleges retaliatory

discharge in violation of the Family and Medical Leave Act ("FMLA"), and Count III alleges an

Americans with Disabilities Act ("ADA") violation.  Several of these claims must fall to Defendants'

Motion to Dismiss.

First, Indiana University is not a "person" who may be sued in a § 1983 action.  *See*

*Williamson v. Ind. Univ.*, 345 F.3d 459, 463 (7th Cir. 2003).  It follows that Bridges may not be sued

thereunder in her official capacity.

Plaintiff's FMLA claims also fall to the Motion to Dismiss.  Indiana University, as an arm

of the State, is entitled to sovereign immunity on the FMLA claim.  *See Toeller v. Wis. Corr. Dep't*,

461 F.3d 871, 879-80 (7th Cir. 2006).

Likewise, Indiana University is entitled to sovereign immunity when sued for money

damages under the ADA.  *See Bd. of Trustees of Univ. of Ala. v. Garrett*, 532 U.S. 356, 373-374

(2001).  Bridges is also immune when sued thereunder in her official capacity.  Finally Bridges, as a supervisor, cannot be sued in her individual capacity under the ADA. *See Gastineau v. Fleet Mortgage Corp.*, 137 F.3d 490, 493 (7th Cir. 1998).

Accordingly, the Motion to Dismiss the Trustees of Indiana University, sued erroneously as Indiana University Cancer Center, is **GRANTED**.  The Motion to Dismiss defendant Bridges in her official capacity on all counts is **GRANTED**.  Additionally, the Motion to Dismiss defendant Bridges in her individual capacity under the ADA is **GRANTED**.  Consequently, the only remaining claims are those against defendant Bridges in her individual capacity brought under 18 U.S.C. § 1983, and the FMLA.

IT IS SO ORDERED this 15th day of October, 2007.

LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed via U.S. Postal Service[1] to:

Maria  Matters
9520 E. Washington St.
Indianapolis, IN 46229

Distributed electronically to:

Ellen E. Boshkoff
BAKER & DANIELS
ellen.boshkoff@bakerd.com

Johane F. Jean
BAKER & DANIELS, LLP
johane.jean@bakerd.com

---

[1]Counsel is directed to Local Rules 5.6 and 5.7 for instructions on the proper procedure for filing documents in the Court's electronic filing system.  Failure to follow the Local Rules might result in sanctions pursuant to Local Rule 1.3.  Information on how to register may be found on the court's website at http://www.insd.uscourts.gov/ecf_info.htm.

2