UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| QUITA KNAZZE,            ) | |
|         Plaintiff,       ) | |
|                          ) | |
| vs.                      ) | 1:07-cv-1038-LJM-WTL |
|                          ) | |
| CARRIE BRIDGES, individually and as agent ) | |
| of Indiana University Cancer Center, and  ) | |
| INDIANA UNIVERSITY CANCER CENTER,  ) | |
|         Defendants.      ) | |

**ORDER ON PLAINTIFF'S MOTION TO SET ASIDE**

Plaintiff, Quita Knazze ("Plaintiff"), sued Carrie Bridges ("Bridges"), individually and as an agent of Indiana University Center, and Indiana University Cancer Center (collectively, "Defendants"), alleging violations of 42 U.S.C. § 1983, retaliatory discharge in violation of the Family and Medical Leave Act ("FMLA"), and a violation of the Americans with Disabilities Act ("ADA"). On October 15, 2007, the Court granted Defendants' Partial Motion to Dismiss. On November 19, 2007, Plaintiff filed a Motion for Relief from Order pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"),[1] in which she asserts that as of the time that Defendants filed their Partial Motion to Dismiss Plaintiff's counsel had not registered for the Court's electronic filing system. Furthermore, in a phone conversation on or about October 23, 2007, Defendants' counsel admitted that no hard copy of Defendants' Partial Motion to Dismiss had been sent to Plaintiff or her counsel. Plaintiff asserts that she had a meritorious response to Defendants' Partial Motion to Dismiss and seeks relief from the Court's October 15, 2007, order.

---

[1] The Court notes that Plaintiff's motion actually refers to Trial Rule 60(b), however, this is federal court and the Federal Rules of Civil Procedure apply, not the Indiana Trial Rules.

>Rule 60(b) provides:
>
>[U]pon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . or (6) any other reason justifying relief from the operation of judgment.

Fed. R. Civ. P. 60(b)(1), (3) & (6).  Although there are other reasons that the Court may set aside a judgment, and Plaintiff does not specify upon which provision she has filed her motion, the Court presumes these are the most relevant.  Here, despite having notice that Plaintiff's counsel would not receive an electronic copy of their motion, Defendants failed to serve a paper copy on Plaintiff.  Although under the law by which the Court granted Defendants' Partial Motion to Dismiss it seems unlikely that Plaintiff will have a meritorious response to that motion, Plaintiff, through no fault of her own, was not provided the opportunity to file a timely response.

Therefore, Plaintiff's Motion to Set Aside is **GRANTED**.  The Court's October 15, 2007, Order is hereby **WITHDRAWN**.  Plaintiff shall have thirty days from the date of this Order to file her response to Defendants' Motion to Dismiss.  Defendants shall have fifteen days thereafter to reply.

IT IS SO ORDERED this 21st day of November, 2007.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronically distributed to:

Maria Matters
MARIA MATTERS AT LAW
mattersm@aol.com

Ellen E. Boshkoff
BAKER & DANIELS
ellen.boshkoff@bakerd.com

Johane Frantz Jean
BAKER & DANIELS, LLP
johane.jean@bakerd.com